| |
|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>Edward O. Sassower, P.C.<br>Joshua A. Sussberg, P.C. (admitted *pro hac vice*)<br>Steven N. Serajeddini, P.C. (admitted *pro hac vice*)<br>Ciara Foster (admitted *pro hac vice*)<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone:   (212) 446-4800<br>Facsimile:   (212) 446-4900<br>edward.sassower@kirkland.com<br>joshua.sussberg@kirkland.com<br>steven.serajeddini@kirkland.com<br>ciara.foster@kirkland.com<br><br>**COLE SCHOTZ P.C.**<br>Michael D. Sirota, Esq.<br>Warren A. Usatine, Esq.<br>Felice R. Yudkin, Esq.<br>Ryan T. Jareck, Esq.<br>Court Plaza North, 25 Main Street<br>Hackensack, New Jersey 07601<br>Telephone:   (201) 489-3000<br>msirota@coleschotz.com<br>wusatine@coleschotz.com<br>fyudkin@coleschotz.com<br>rjareck@coleschotz.com<br><br>*Co-Counsel for Debtors and*<br>*Debtors in Possession* |



Order Filed on April 29, 2024
by Clerk
U.S. Bankruptcy Court
District of New Jersey

| | |
|---|---|
| In re:<br><br>WEWORK INC., *et al.*,<br><br>        Debtors.[1] | Chapter 11<br><br>Case No. 23-19865 (JKS)<br><br>(Jointly Administered) |

---

[1]  A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/WeWork.  The location of Debtor WeWork Inc.'s principal place of business is 12 East 49th Street, 3rd Floor, New York, NY 10017; the Debtors' service address in these chapter 11 cases is WeWork Inc. c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Blvd. Beaverton, OR 97005.

**ORDER (I) PURSUANT TO SECTION 365(D)(4)
OF THE BANKRUPTCY CODE EXTENDING DEBTORS'
TIME TO ASSUME OR REJECT UNEXPIRED LEASES OF
NON-RESIDENTIAL REAL PROPERTY AND (II) GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered three (3) through six (6), is **ORDERED.**

**DATED: April 29, 2024**

Honorable John K. Sherwood
United States Bankruptcy Court

(Page | 3)
Debtors: WeWork Inc., *et al*.
Case No. 23-19865 (JKS)
Caption of Order: Order (I) Pursuant to Section 365(d)(4) of the Bankruptcy Code Extending Debtors' Time to Assume or Reject Unexpired Leases of Non-Residential Real Property and (II) Granting Related Relief

Upon the *Debtors' Motion for Entry of an Order (I) Pursuant to Section 365(d)(4) of the Bankruptcy Code Extending Debtors' Time to Assume or Reject Unexpired Leases of Non-Residential Real Property and (II) Granting Related Relief* (the "Motion"),[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order") (i) extending the time under section 365(d)(4)(A) the Bankruptcy Code within which the Debtors may assume or reject unexpired leases of non-residential real property (collectively, the "Unexpired Leases" and such deadline, the "365(d)(4) Deadline") by ninety (90) days for a total of 210 days from the Petition Date, through and including June 3, 2024, without prejudice to the Debtors' right to seek further extensions of the time to assume or reject the Unexpired Leases with the consent of the applicable Unexpired Lease counterparties pursuant to section 365(d)(4)(B)(ii) of the Bankruptcy Code, and (ii) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the

---

[2] Capitalized terms used but not otherwise defined herein have the meaning ascribed to them in the Motion.

(Page | 4)
Debtors: WeWork Inc., *et al*.
Case No. 23-19865 (JKS)
Caption of Order: Order (I) Pursuant to Section 365(d)(4) of the Bankruptcy Code Extending Debtors' Time to Assume or Reject Unexpired Leases of Non-Residential Real Property and (II) Granting Related Relief

statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT**:

1. The Motion is **GRANTED** as set forth herein.

2. The time within which the Debtors must assume or reject Unexpired Leases is extended through and including the earlier of: (i) June 3, 2024, and (ii) the date of confirmation of the Debtors' chapter 11 plan (subject to the occurrence of the effective date of such plan); *provided* that, if the Debtors file a motion, an Assumption Notice, or a Rejection Notice to assume or reject an Unexpired Lease, as applicable, prior to such date, the time period within which the Debtors must assume or reject such Unexpired Lease pursuant to section 365(d)(4)(B)(i) of the Bankruptcy Code shall be deemed extended, through and including the later of (i) June 3, 2024, and (ii) the date that the Court enters an order granting or denying such motion, Assumption Notice, or Rejection Notice (and the Debtors shall use good faith efforts to obtain such order within the timeframes contemplated under the Procedures Order).[3]

3. Nothing herein shall prejudice the Debtors' rights to seek further extensions of the time to assume or reject the Unexpired Leases in accordance with the requirements of section 365(d)(4)(B)(ii) of the Bankruptcy Code.

---

[3] "Assumption Notice" and "Rejection Notice" have the meanings ascribed to them in the *Order (I) Authorizing and Approving Procedures to Reject or Assume Executory Contracts and Unexpired Leases and (II) Granting Related Relief* [Docket No. 289] (the "Procedures Order").

| | |
|---|---|
| (Page \| 5) | |
| Debtors: | WeWork Inc., *et al*. |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Order (I) Pursuant to Section 365(d)(4) of the Bankruptcy Code Extending Debtors' Time to Assume or Reject Unexpired Leases of Non-Residential Real Property and (II) Granting Related Relief |

4. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order is intended as or shall be construed or deemed to be: (i) an implication or admission as to the amount of, basis for, or validity of any particular claim against the Debtors under the Bankruptcy Code or other applicable non-bankruptcy law; (ii) a waiver of the Debtors' or any other party in interest's rights to dispute any particular claim on any grounds; (iii) a promise or requirement to pay any particular claim; (iv) an implication, admission, or finding that any particular claim is an administrative expense claim, other priority claim, or otherwise of a type specified or defined in this Order or the Motion or any order granting the relief requested by the Motion; (v) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (vi) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (vii) a waiver or limitation of the Debtors', or any other party in interest's, claims, causes of action, or other rights under the Bankruptcy Code or any other applicable law; (viii) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code; (ix) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens; (x) a waiver of the obligation of any party in interest to file a proof of claim; or (xi) otherwise affecting the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease.

| | |
|---|---|
| (Page \| 6) | |
| Debtors: | WeWork Inc., *et al*. |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Order (I) Pursuant to Section 365(d)(4) of the Bankruptcy Code Extending Debtors' Time to Assume or Reject Unexpired Leases of Non-Residential Real Property and (II) Granting Related Relief |

5. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

6. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

7. Notice of the Motion as provided therein constitute good and sufficient notice thereof, and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

8. Notwithstanding anything in the Bankruptcy Rules or the Local Rules to the contrary, this Order shall be effective and enforceable immediately upon entry hereof.

9. The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

10. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.